CITY OF PORT ARTHUR V. JACK WALLACE ET AL.

No. 8077. Decided May 26, 1943.
(171 S. W., 2d Series, 480.)

*W. T. Whorter,* City Attorney, and *Shivers & Keith* and *Quentin Keith,* all of Port Arthur, for petitioner.

It was error for the Court of Civil Appeals to sustain the action of the trial court in overruling petitioner's motion for a peremptory instruction based upon the ground that the evidence disclosed as a matter of law that there was no casual connection between the condition of the street and the injuries received by plaintiff. Phoenix Refining Co. v. Tips, 125 Texas 69, 81 S. W. (2d) 60; City of Vernon v. Lisman, 17 S. W. (2d) 769; 30 Tex. Jur. 724.

*Adams, Hart & Daughtry,* of Beaumont, for respondents.

Because of the conflict in the evidence as to the condition of the street, the city's witness testifying that the ridges were only an inch in height while others testified that they were from four to five inches, raised an issue of fact over which the Supreme Court had no jurisdiction. City of Austin v. Schlegel, 257 S. W. 238; Freeman v. Grashel, 145 S. W. 695.

On the question of the negligence of the driver of the fire truck. Connally v. City of Waco, 53 S. W. (2d) 313; Hooper v. City of Childress, 34 S. W. (2d) 907.

*H. P. Kucera,* City Attorney of Dallas, filed brief as amicus Curiae.

MR. JUDGE HICKMAN of the Commission of Appeals delivered the opinion for the Court.

In the trial court J. C. Wallace for himself and as next friend for his minor son, Jack Wallace, was awarded damages against the City of Port Arthur for personal injuries sustained by the minor in a collision between a fire truck belonging to the City and an automobile in which the minor was riding. The trial court's judgment was affirmed by the Court of Civil Appeals, one of the justices dissenting. 167 S. W. (2d) 549.

The theory upon which the suit was prosecuted and the judgment rendered was that the City negligently allowed its streets to become full of holes and ridges at and near the point of the collision, which condition of the streets caused the rear end of the fire truck to swerve and strike the car in which the minor was riding. The jury found in answer to special issues that the City was negligent in failing to use ordinary care "in maintaining the intersection in question" and in failing to repair the street by removing the holes and ridges, which acts of negligence were proximate causes of the collision.

As pointed out in the majority opinion of the Court of Civil Appeals, the City does not challenge these findings of negligence. They must therefore be accepted and the case decided upon the theory that the condition of the street at the point of collision was the result of the negligence of the City. There is not presented for decision the question of whether or not it would be negligence on the part of the City to fail to keep its streets in a first class state of repair, but only the quetsion of whether the negligence of the City in the respects pointed out was the proximate cause of the injuries sustained by Jack Wallace. The facts are stated fairly and at length in the opinion of the Court of Civil Appeals and it would answer no purpose to restate them here.

According to the findings of the jury Jack Wallace was not negligent in any respect charged by the City, neither was any act on the part of his mother, the driver of the car in which he was riding, or on the part of the driver of the fire truck the sole proximate cause of the injuries. The position taken by the City is that its negligence in the manner of maintaining its streets was but the remote cause of the collision and resulting injuries; that its negligence in the manner of maintaining the street was broken by the negligence of the truck driver, for which it was not liable, and which constituted a new and inde-

pendent cause. It takes the further position that it could not anticipate or foresee that its negligent manner of maintaining its streets would result in a collision between a fire truck and an automobile, and that at most it, by its negligence, merely created a condition which made the injury possible. It builds its argument here upon these assumptions, as stated in its application:

"Assuming now that the plaintiff's theory of this case is correct in this: (1) that there were 'high ridges and deep holes' in the street; (2) that the presence of the ridges and holes caused the rear end of the truck to bounce around and strike the Wallace car; and (3) that thereby Jack Wallace received his injuries."

■ It is familiar law that in the construction and maintenance of streets a City acts in a corporate capacity and is therefore liable for the negligence of its officers and employees with respect thereto. On the other hand, providing fire protection is a governmental function and the City is not liable for the negligence of its officers and employees in the performance of that function. Authorities almost without number could be cited in support of the above, but, since the parties are agreed with respect thereto,, it is thought sufficient merely to refer to 30 Tex. Jur. Municipal Corporaions, Sections 295 and 298, for the citation of many Texas cases in support thereof.

In determining whether injuries in given cases resulted from negligence by the City in discharging its corporate function in maintaining its streets or from discharging its governmental function of furnishing fire protection the courts have been called upon to draw some rather close distinctions, which have occasioned some courts and text writers to cry out in favor of a rule of liability applicable alike to both functions. Be that as it may, the rule of liability in one function and nonliability in the other is so well established in this State that, if change is to be made, it should be made by the legislature and not by the courts. In the instant case the injuries resulted from negligence in both capacities acting concurrently. In that situation the principle of law with reference to liability seems to be well established.

■ In McQuillin Municipal Corporation, 2nd. Edition, Vol. 7, Sec .3035, it is stated:

"* * * The doctrine has been stated that where the defect in the street combines with other causes to produce injury so

that both causes are proximate, the municipality is liable, provided the person injured was free from negligence."

In Dillon on Municipal Corporations, 5th Ed., Sec. 1698, pp. 2970-2971, it is stated:

"It has been held that where two causes combine to produce the injury, both in their nature proximate, the one being the defect in the highway and the other some occurrence for which neither party is responsible, such as the accident of a horse running away beyond control, the corporation is liable, provided the injury would not have been sustained but for the defect in the highway. * * *."

In City of Louisville v. Birdwell, 150 Ky. 589, 150 S. W. 672, there was a collision between a wagon in which the plaintiff was riding and a horse-drawn fire engine. There was evidence that at the time of the collision the horses were running away and were beyond the control of the driver and the city claimed that this was the sole proximate cause of the collision. It was plaintiff's position that the collision was the result of the defective condition of the street. Said the Court:

"It seems to be well settled in law that if the injury is the result of concurring causes for one of which only the defendant is responsible he must answer, or where the injury is the combined result of negligence and acident, the negligent party must answer unless the injury would have happened if it had not been negligent. * * *"

In Rollow v. Ogden City, 66 Utah 475, 243 Pac. 791, the plaintiff sustained injuries by being struck by a fire truck which was out of control on account of striking a loose street marker, and it was held that whether or not the negligence of the City in permitting its marker to become movable was the proximate cause of the collision and resulting injury was for the jury. In that case, as here, the argument was made that, conceding the negligence of the City with respect to the condition of the streets, such negligence was not the proximate cause of the collision, but that theory was rejected.

In the case of Jones v. Sioux City, 185 Iowa 1178, 170 N. W. 445, 10 A. L. R. 474, the injury was by a collision with a police automobile which was being driven rapidly along a pavement so defective that the driver lost control of his car and it was held that the issue as to the defective condition of the street should have been submitted to the jury. This holding was based upon the ground that the municipality would be

liable if its negligence with respect to the street contributed to the injury. We take the following language from that opinion:

"Appellant contends that, even though the act in question was governmental, the concurrent negligence in permitting the defective condition of the street should be submitted to the jury. Under the evidence heretofore referred to, we think the court should have submitted to the jury the issue as to the defective condition of the street. The duty of the city with reference to its streets is a corporate duty."

In Board of Councilmen v. Bowen's Adm'x 205 Ky. 309, 265 S. W. 785, the City raised the surface of a street under a railroad trestle so as to give only 8 feet clearance between the pavement and the trestle. A fireman riding on top of the fire truck on the way to a fire collided with the trestle and received injuries which produced his death. It was held by the court that, if the City was negligent in maintaining the street under the trestle allowing only 8 feet clearance, then it was liable for the injuries sustained by the fireman, even though he was at that time engaged in the governmental function of going to a fire.

The case most nearly in point by this court is City of Austin v. Schlegel (Com. App.) 257 S. W. 238, in which it was held that the City was liable for the injuries sustained by the plaintiff when he was thrown from a fire wagon by a jolt when the fire wagon hit a hole in the street.

In the case of Kling v. City of Austin, 62 S. W. (2d) 689, (no writ of error history) it was held that the city was liable for injuries sustained by the plaintiff, when his automobile hit a fire plug or hydrant located in the street. The conclusion was announced, based upon authorities cited, that the breach by the city of its duty with respect to the maintenance of its streets was not "rendered nonactionable where the unsafe condition is caused by either the improper location of a governmental funciton instrumentality or the failure to properly guard such instrumentality so as to render it reasonably safe."

■ It is our conclusion that it cannot be ruled, as a matter of law, that the negligence of the City of Port Arthur in the respects found by the jury, set out above, was not a proximate cause of the collision and resulting injuries.

■ One of the elements of damages sustained by the minor was from the loss of one of his eyes. The jury found that his eye

was injured in the collision with the fire truck, and that some fifteen months later, while splitting kindling wood a piece of kindling hit him in that eye, inflicting injuries thereto, after which the eye was removed by a specialist. According to another finding the kindling wood incident would not have caused the removal of the eye had it not been impaired by the injury received in the collision with the fire truck. There is no finding or contention that the minor was negligent in the manner of splitting the kindling wood and there is clearly some evidence supporting the jury findings. The principle of law governing in this state of the record is stated in 15 Am. Jur., Damages, Sec. 83, as follows:

"One who has received a personal injury as a result of the negligence of another can recover all damages proximately traceable to the primary negligence, including subsequent aggravations the probability of which the law regards as a sequence and natural result likely to flow from the original injury. Generally speaking, if the injured person conducts himself as would a reasonably prudent person in his situation and circumstances, but by his subsequent conduct innocently aggravates the harmful effect of the original injury, whatever damage may be attributed to such aggravation of the injury is considered the proximate result of the original injury and recoverable as a part of the damages therefor. The original wrongful act is deemed the proximate cause of the entire injury, provided the act of the injured person which aggravates the injury is within the courses of conduct of a reasonably prudent person under all the circumstances. * * *."

That principle has received application in the case cited by the Court of Civil Appeals, to which many could be added. It is a principle of general recognition. Campbell v. Brown, 276 Mich. 449, 267 N. W. 877, annotations 9 A. L. R. 255 and 20 A. L. R. 524. We hold that the trial court did not err in allowing a recovery for the loss of the eye and the pain and suffering incident to its removal.

Other questions are presented in the application, but since they involve only familiar rules and have been correctly decided by the Court of Civil Appeals, further writing thereon seems not to be desirable.

The judgment of the Court of Civil Appeals, affirming that of the trial court, is affirmed.

Opinion adopted by the Supreme Court May 26, 1943.