Patsy **VAUGHAN**, Appellant,

v.

Joe **RENSHAW**, Appellee.

No. 4586.

Court of Civil Appeals of Texas.

Waco.

Jan. 19, 1967.

Rehearing Denied Feb. 9, 1967.

Naman, Howell, Smith & Chase, George Chase, Waco, for appellant.

Jack Welch, T. B. Bartlett, Marlin, for appellee.

OPINION

WILSON, Justice.

Defendant automobile driver asks reversal of judgment for pedestrian plaintiff's personal injuries on the ground defendant was a minor without a guardian for whom no guardian ad litem was appointed.

Plaintiff sued defendant, alleging negligence proximately causing his injuries. De-

fendant filed no plea in abatement, but answered with a general denial and general pleas. The verdict was favorable to plaintiff. Defendant testified on the trial she was 17 years old. For the first time in a motion for judgment non obstante veredicto defendant raised the objection that no guardian ad litem had been appointed for her, asserting that no valid judgment could be rendered against her. The court immediately appointed a guardian ad litem and conducted a hearing on the motion for judgment non obstante veredicto.

The judgment recites that from the evidence or stipulations of the parties the court found that defendant was covered by a policy of insurance which indemnified her against recovery by plaintiff in the amount for which judgment was rendered; that either the father or the mother of the minor was present with defendant during the trial; that defendant was ably represented by trial counsel; that the guardian ad litem, an attorney, was allowed three weeks in which "to investigate any matters which might absolve defendant" from liability; that the guardian ad litem reported in open court that he knew of no available defense which was not urged at the trial. It was stipulated that the trial attorney for defendant was "employed by an interested insurance company" to represent her.

■ We recognize that under Rule 173, Texas Rules of Civil Procedure, a guardian ad litem should be appointed for a minor defendant who has no guardian. It has been held that when it appears "upon the face of the record" that judgment has been rendered against a minor without appointment of a guardian, the error may be taken advantage of on appeal. Wallis v. Stuart, 92 Tex. 568, 50 S.W. 567, 569. See Parr v. Parr, Tex.Civ.App., 207 S.W.2d 187, 189, writ refused n. r. e.; Maze v. Ruscher, Tex.Civ.App., 269 S.W.2d 860, 864, no writ; and Jaynes v. Lee, Tex.Civ.App., 306 S.W.2d 182, 184, no writ.

■ In our opinion the complaint was waived for failure of appellant to raise the question by verified plea as required by Rules 93(b) and 93(e), Texas Rules of Civil Procedure, which provides that unless the truth of the matter appears of record, a pleading "that the defendant has not legal capacity to be sued" or that there is a "defect of parties" shall be verified by affidavit.

■ The term "record" within such phrases as "of record," "apparent of record" and "on the face of the record" is held not to include the statement of facts, the only source of ascertaining the asserted minority in this case. Heard v. Nichols, Tex. Com.App., 293 S.W. 805, 807; Lewis v. Lewis, Tex.Civ.App., 125 S.W.2d 375, 379, syl. 5, writ ref.; Hamm v. Hamm, Tex. Civ.App., 159 S.W.2d 183.

■ Rule 93(b) concerning capacity applies to situations relating to lack of capacity of guardians and next friends to sue. Joy v. Joy, Tex.Civ.App., 156 S.W.2d 547, 550, writ refused; McGinnis v. McGinnis, Tex.Civ.App., 267 S.W.2d 432, 434, no writ, and cases cited; Wimberly v. Parish, Tex. Civ.App., 381 S.W.2d 135, 137, writ ref. n. r. e. It is held that failure to raise the issue of lack of capacity to sue by verified plea waives the complaint. We fail to perceive why the same rule should not apply to want of capacity to be sued. We hold the complaint was waived.

■ Appellant urges there is a conflict between a finding of $9,000 "because of diminished capacity to work and earn money in the future" and a finding of "none" in answer to an inquiry as to the sum to be awarded for future "physical pain and mental suffering." There was evidence plaintiff would sustain 50% future disability. The jury was not required to believe his diminished earning capacity would be solely attributable to pain. There is no conflict.

We have considered appellant's other points including those concerning inadequacy of the evidence and excessiveness of the verdict. They are overruled.

Affirmed.