ENGINEERED PLASTICS,
INC., Appellant,

v.

Ray M. WOOLBRIGHT et ux., Appellees,

No. 910.

Court of Civil Appeals of Texas,
Tyler.

Feb. 19, 1976.

Randolph Tower, Clemens, Weiss, Spencer & Welmaker, San Antonio, for appellant.

Richard J. Karam, King, Joseph, Baucum & Karam, San Antonio, for appellees.

DUNAGAN, Chief Justice.

This is a suit for conversion. This suit was instituted by appellees, Ray M. Woolbright and wife (plaintiffs in the trial below), against the appellant, Engineered Plastics, Inc., for the conversion of a swimming pool heater and diving board in a wilful, malicious and wanton manner. The appellees sought damages for such conversion in the sum of $679.80, exemplary damages in the sum of $3,720.20 and the sum of $500 for damages allegedly caused to the sprinkler system by the appellant's installation thereof. The total damages sought were $4,900. Appellant answered by generally denying the conversion and damages to the sprinkler system and by filing a cross action against appellees alleging an indebtedness due and owing by appellees to appellant for the installation of a gas line to the pool heater.

Trial was before the court without the aid of a jury. Judgment was rendered against the appellant and in favor of appellees for $650 actual damages and $500 exemplary damages. From this judgment appellant has appealed. The judgment denied appellant recovery on its cross action, from which there was no appeal.

The trial court made and filed its findings of fact and conclusions of law. The trial court found, among other things, that (a) appellees entered into a contract with appellant for the installation of a swimming pool on appellees' residential property with attachments and equipment which included a pool heater and diving board for a stated consideration; (b) after the installation of said swimming pool with attachments and equipment, the appellees performed their obligation under the contract by paying appellant the stated consideration therefor and became title owners to all improvements so placed on their property; (c) thereafter appellant demanded of appellees monies over and above the original contract price for installation of gas lines to the pool heater; (d) appellees denied further liability to appellant and appellant was advised by letter to direct all communications to

appellees' attorneys; (e) upon receipt of said letter appellant directed its employees to go upon appellees' property and disconnect the pool heater and diving board and take said items, all without the consent or permission of appellees; (f) that written demand was made upon appellant to immediately reinstall the items taken, which demand was refused; (g) that the diving board and pool heater are in appellant's custody and dominion; (h) that appellant's action "in taking the pool heater and diving board without consent, and its refusal to return the same after proper demand was made, constitute conversion"; (i) the market value of the items so converted at the place and time of conversion was $650; (j) the conversion of said items was "wilful, malicious and in wanton disregard" of appellees' rights; and (k) "as a result of said wilful, malicious and wanton conduct" appellees "are entitled to recover $500 in exemplary damages from" appellant.

The court's conclusions of law were that the conversion was in a wanton, wilful and malicious manner, and the appellees were entitled to recover the sum of $650 actual damages and $500 punitive damages.

Appellant brings forward three points of error. In the first two points appellant asserts that the court erred in awarding actual damages in the amount of $650 because there was no evidence or insufficient evidence of the market value of the items at the time and place of conversion to support the award of such damages.

In determining whether the trial court's findings are supported by any evidence of probative value, we will give credence only to the evidence favorable to the findings and will disregard all evidence to the contrary. *Waters v. Waters,* 498 S.W.2d 236, 240 (Tex.Civ.App.-Tyler 1973, writ ref'd n. r. e.). We will examine the entire record in passing upon the insufficiency of the evidence. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

Appellee, Ray M. Woolbright, testified that the replacement cost of the swimming pool heater and diving board to the best of his recollection was $670; that he replaced the items about one week after the conversion. Mr. Woolbright was the only witness for the appellees to give testimony concerning the replacement cost of the converted items. Witness Ray Woolbright was not shown to be acquainted with the market value of the property at the place and time of conversion. No effort was made to so qualify him.

The law is well established that in cases of conversion of property, the establishment of the market value of the property at the place and on the day of conversion is essential to a recovery. A witness called to testify as to such value, must, as a prerequisite to the admission of his testimony, show that he was acquainted with the market value of the property at such time and place. *Ada Oil Company v. Logan,* 447 S.W.2d 205, 210 (Tex.Civ.App.-Houston, 14th Dist., 1969, n. w. h.); *Callihan v. Fort Worth Well Machinery & Supply Company,* 88 S.W.2d 1057, 1059–60 (Tex.Civ.App.-Fort Worth 1935, writ dism'd); *Marshall v. White,* 41 S.W.2d 87 (Tex.Civ.App.-Austin 1931, writ dism'd); *Waldrop v. Goltzman,* 202 S.W. 335 (Tex.Civ.App.-Dallas 1918, n. w. h.); *Lincoln v. Packard,* 25 Tex.Civ.App. 22, 60 S.W. 682 (1900 n. w. h.); *Reef v. Hamblen,* 47 S.W.2d 375 (Tex.Civ.App.-Dallas 1932, writ ref'd); 14 Tex.Jur.2d, Conversion, secs. 24 and 84.

We find no evidence in the record as to the market value of the pool heater or diving board. Mr. Woolbright testified only as to the price he paid for a heater and diving board to replace the items converted. Appellees made no attempt to prove the market value of the items here in question at the time of conversion. As a matter of fact, appellees did not attempt to prove market value of the said items as of any time. Moreover, Mr. Woolbright did not know the exact purchase price of the pool heater and diving board. The bill for the purchase of these two items included the purchase of another item not related to the

replacement item. He was not sure of the price of the unrelated item. He said he thought he paid $670 for the two replacement items. This amounts to approximation. *Ada Oil Company v. Logan,* supra.

Appellees contend that the testimony of Mr. Willard B. Posson, President of Engineered Plastics, Inc., appellant, was a "judicial admission" that the price of the heater installed would be approximately $600. Mr. Posson gave no testimony remotely related to the diving board. It was not established whether the price of $600 placed on the pool heater by Mr. Posson was the current price or at time of the conversion. He gave the following testimony:

"Q. And, then, you sell it to the client installed?

"A. Yes.

"Q. For, approximately, how much?

"A. Approximately $600.00. And this, then, my cost include the picking of the—the picking it up, the placing of the heater on location, which means putting down a slab, and leveling the slab, and the purchase of special plumbing equipment to do it. It takes copper, and it takes special fittings to—by special, I mean, other than what we would normally use without a heater. * * *

"Q. So, would it be economically feasible for you, also, to pay for the installation of gas lines?

"A. No, sir. It certainly wouldn't; not at $600.00."

The cost of a pool heater as testified to by Mr. Posson includes significant installation work, masonry work in pouring and leveling a concrete slab for placement of a heater, and connection of the heater into the system with the additional expense of special fixtures to be installed. Since the only claim by appellees for damages was for removal of the heater and diving board, it is a reasonable assumption that the cement slab and fixtures remained in place undamaged. Therefore, these expenses of installation were not involved in the purchase of the replacement heater by the appellees. The figure of $600 stated by Posson included the installation cost and would not represent the cost of the replacement of the pool heater by the appellees.

■ It is true that the testimony of Mr. Woolbright and Mr. Posson concerning the value of the items converted was not objected to. It is the law in this State that even if incompetent testimony had been received without objection, such incompetent testimony could not be considered on appeal in determining the sufficiency of the evidence. *The State of Texas v. Wilson,* 439 S.W.2d 134, 139 (Tex.Civ.App.-Tyler 1969, n. w. h.) and the cases therein cited.

■ We find no evidence to support the court's finding that "(t)he market value of the pool heater and diving board at the place and time of conversion was $650." Appellant's point of error No. 1 is sustained. *Ada Oil Co. v. Logan,* supra. The trial court's judgment is reversed. We are of the opinion, however, that the evidence was not fully developed and that a retrial would be in the interest of justice. We therefore remand this cause rather than render judgment for appellant. *Jackson v. Hall,* 147 Tex. 245, 214 S.W.2d 458 (1948); *Lanford v. Smith,* 128 Tex. 373, 99 S.W.2d 593 (1936).

We have not discussed or passed upon appellant's point relating to the insufficiency of the evidence to support the court's finding as to the market value of the two items here in question, but if this point should be reached, we would hold that the evidence is insufficient to support such finding.

In view of our disposition of this case, it is unnecessary to discuss or pass upon appellant's point of error No. 3 in which he complains of the award by the trial court of exemplary damages because of the failure of appellees to prove actual damages.

The trial court's judgment is reversed and cause is remanded for another trial.