CITY OF HOUSTON, Appellant,

v.

Magdelean BUSH et al., Appellees.

No. 8088.

Court of Civil Appeals of Texas, Beaumont.

April 6, 1978.

Rehearing Denied May 18, 1978.

Joseph G. Rollins, Roy F. Martin, III, Houston, for appellant.

Rod Steinburg, Michael Y. Saunders, Houston, for appellees.

CLAYTON, Justice.

This is a wrongful death action. The widow and minor son brought this suit against the City of Houston for the wrongful death of Jimmie Lee Bush. Trial was to a jury. The jury found that the death of Jimmie Lee Bush was proximately caused by the negligence of a city employee, while he was acting in the course and scope of his employment for appellant, the City of Houston, and absolved deceased from any negligence. The jury awarded damages in the total amount of $288,500, $250,000 of which was awarded to deceased's widow and $38,500 to her minor son. Judgment was accordingly entered on the verdict, from which judgment this appeal has been perfected.

This case arises out of the cave-in of a ditch at the appellant's "Edloe Project" in Houston. Jimmie Lee Bush, an employee of John Ellington, Inc., was killed in the cave-in.

Appellant's first point complains of the trial court's failure to grant its "motion for instructed verdict and for judgment non obstante veredicto  .  .  . because the defendant [appellant] is governmentally immune from liability under the facts of the case." Appellant urges it is immune to liability for negligence in the performance of governmental functions (except as may be otherwise provided in the Texas Tort Claims Act [1]), *City of Texarkana v. Taylor*, 490 S.W.2d 191, 192 (Tex.Civ.App.—Texarkana 1972, writ ref'd n. r. e.), and that the construction and operation of sanitary sewers is the exercise of the city's governmental function. *Dilley v. City of Houston*, 148 Tex. 191, 222 S.W.2d 992 (1949); *Chambers v. City of Dayton*, 447 S.W.2d 425, 426 (Tex.Civ.App.—Beaumont 1969, writ ref'd n. r. e.). Appellant contends that because the deceased, as an employee of one of the contractors on a city project, was laying sanitary sewer pipe at the time and place of the ditch cave-in, the appellees are barred, as a matter of law, from any recovery by governmental immunity. Appellant argues in the alternative under its Point No. 7 that if the city's immunity has been waived by the Texas Tort Claims Act, appellee's recovery is limited to $138,500.

The Texas Tort Claims Act does not apply to injury or death proximately caused by the city or its employees engaged in nongovernmental (proprietary) functions. *Tex.Rev.Civ.Stat.Ann. art. 6252–19 § 18(a)* (1970). If the provisions of the Texas Tort Claims Act do not apply when the city acts in its proprietary capacity, as opposed to its

1.  Tex.Rev.Civ.Stat.Ann. art. 6252–19 (1970), *as amended* (Supp.1978).

governmental capacity, the limitations on the amount of recovery set forth in *Section 3* of the Act would not apply.

The evidence shows that deceased's employer, John Ellington, Inc., did all the underground work except the lift station and structural work for appellant on the "Edloe Project" which was a project in and for the benefit of the City of Houston. Up until the time of this cave-in the Ellington crew had been relocating water lines and storm sewer lines as well as sanitary sewer lines.

The city inspector testified that this was all one City of Houston project; the city had more to do on this project than construct and relocate sanitary sewer lines; that as a necessary part of this project, the city needed to relocate water lines and put in storm sewers. The Ellington crew worked on both sewer and water lines and moved all of the water lines. On the day of this cave-in there is evidence to the effect that this inspector inspected and reported on a storm sewer lift station which was being actively constructed on this project. He further testified that on this project the city had built a storm sewer lift station, and it was possible that he was working on the storm sewer lift station on the day of the cave-in. The city inspector involved herein was the overseer of the work of several contractors who were working at the same time on the "Edloe Project."

The above facts clearly show the necessary interrelationship of the various functions being performed on this integrated city project. The project would not serve the function intended without completion of all its working parts or phases. Moreover, a reasonable inference can be drawn from the above evidence that the sanitary sewer line on this project was in furtherance, at least in part, of the storm sewers being constructed. We find no evidence in the record to the contrary.

It has been held when a city is engaged exclusively in the construction of a sanitary sewer system, that it is engaged in a "governmental function." *Chambers v. City of Dayton*, supra at 426; *City of Texarkana v. Taylor*, supra at 192. On the other hand,

construction of a storm sewer by the city has been labeled a proprietary function. *City of Amarillo v. Ware*, 120 Tex. 456, 40 S.W.2d 57, 60 (Tex.Com.App.1931, opinion adopted); *Dilley v. City of Houston*, supra at 993; *Pontarelli Trust v. City of McAllen*, 465 S.W.2d 804, 808 (Tex.Civ.App.—Corpus Christi 1971, no writ). Similarly, when a city is engaged in construction designed to furnish water to city residents, that function is labeled proprietary. *Boiles v. City of Abilene*, 276 S.W.2d 922, 924 (Tex.Civ.App. —Eastland 1955, writ ref'd); *City of Waco v. Busby*, 396 S.W.2d 469, 471 (Tex.Civ.App. —Waco 1965, writ ref'd n. r. e.).

■ It appears from the evidence the functions being performed by the city in the construction project were in part governmental and in part proprietary. We hold that if some aspect of the function being performed by the city is governmental and some aspect of the function is proprietary, the city will not be entitled to governmental immunity. See *City of Austin v. Daniels*, 322 S.W.2d 384 (Tex.Civ.App. —Austin 1959), aff'd, 160 Tex. 628, 335 S.W.2d 753 (1960); *City of Port Arthur v. Wallace*, 141 Tex. 201, 171 S.W.2d 480 (1943). We further hold that a municipality's plea of "governmental immunity" is a defensive doctrine, placing on the city the burden of proving and submitting the defense. See *City of Houston v. Edman*, 498 S.W.2d 464, 466 (Tex.Civ.App.—Houston [1st Dist.] 1973, no writ). The burden is upon the city to show that the relevant function on which it bases its defense was exclusively a governmental function. *City of Beaumont v. Silas*, 200 S.W.2d 690 (Tex. Civ.App.—Beaumont 1947, writ ref'd n. r. e.). There was conflicting testimony on the type of line which had been installed for the city shortly before the cave-in. A co-worker with deceased testified that the crew had installed a water pipe in the ditch that caved-in. There was other testimony that a sanitary sewer pipe had been placed in the ditch. Because of this conflict in the testimony it was incumbent upon the city to obtain a finding from the jury as to the type of work actually being performed, i. e.,

laying the sewer line or water line, to determine if the function was governmental or proprietary. The city did not request any issues concerning this defense. It is incumbent upon a party to submit substantially correct issues which raise each element of a ground of defense. *Grubb v. Grubb*, 525 S.W.2d 38, 42 (Tex.Civ.App.—El Paso 1975, writ ref'd n. r. e.); *National Life And Accident Ins. Co. v. Salas*, 426 S.W.2d 327, 330 (Tex.Civ.App.—Eastland 1968, writ ref'd n. r. e.); Tex.R.Civ.P. 279.

There being a question of fact raised as to this element of defense and an issue with reference thereto not being submitted to the jury, in the absence of objection and failure to request such issue, appellant has waived the same. *Glens Falls Insurance Co. v. Peters*, 386 S.W.2d 529, 531 (Tex. 1965); Tex.R.Civ.P. 279. Appellant's Points Nos. 1 and 7 are overruled.

Appellant urges in its second and third points error by the trial court in entering judgment for the plaintiffs because "the defendant owed no duty to Jimmie Lee Bush as a matter of Law" and "because the conditions of the premises were open and obvious as a matter of law." Appellant argues the only duty owed to deceased was to warn him of the dangerous conditions of the premises and that such duty was discharged because deceased knew of such dangerous conditions; and because of such knowledge, appellant is absolved from liability by the "no-duty" doctrine as stated in *Delhi-Taylor Oil Corp. v. Henry*, 416 S.W.2d 390, 392 (Tex.1967).

Our Supreme Court in *Parker v. Highland Park, Inc.*, 565 S.W.2d 512 (1978), expressly abolishes the so-called "no-duty" concept in this type of case and holds that in all cases heretofore involving the "no-duty" rule are now to be tried under general rules of negligence. The Supreme Court states:

"A plaintiff's knowledge, whether it is derived from a warning or from the facts, even if the facts display the danger openly and obviously, is a matter that bears upon his own negligence; it should not affect the defendant's duty. . . . A condition that is open and obvious is proof of knowledge and appreciation as a matter of law, *Massman-Johnson v. Gundolf*, 484 S.W.2d 555 (Tex.1972), but that phrase is not 'a separate concept.' Knowledge and appreciation, though proved as a matter of law, do not necessarily establish contributory negligence as a matter of law." *Id.* at 521.

These points are overruled.

Appellant's fourth point complains of the trial court's entering judgment for the plaintiffs because there is no evidence to support the jury's answer to Special Issue No. 1a. This issue refers to the jury's affirmative finding that the city inspector, acting in the course and scope of his employment for the city, was negligent and such negligence was a proximate cause of the accident. Appellant does not point out specifically the particular element complained of in such issue. However, its entire argument under this point is the same as urged under its second point, wherein it argues the city owed no duty to deceased. This point is overruled for the same reasons for overruling its second and third points.

Appellant's fifth and sixth points complain that "the trial court erred in entering judgment for the plaintiffs because the jury's answer to Special Issue No. 1b was against the great weight and preponderance of the evidence" and that the deceased "was negligent as a matter of law." This Issue No. 1b inquired of the negligence and proximate cause as to the deceased, the jury having answered the issue favorably to deceased in finding him not to be negligent. A challenge based on factual "insufficient evidence" requires consideration and weighing of all evidence in the case to determine whether evidence supporting the jury finding is so weak or evidence to the contrary so overwhelming that the findings should be set aside and a new trial decreed. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

The Ellington crew had been working on this particular project for the city for six to eight months and laying this line

for approximately one week before the accident. Prior to the cave-in, the pipe had been laid and the sand leveled. The shoring had been pulled from the ditch prior to the accident and backfilling had begun. At the time of the accident, appellant had an inspector on this job overseeing the work. One of the concerns of this inspector was that the pipe, which had been laid in the ditch, had at least twelve inches of sand on top of it. The safest procedure for checking the grade was with a grade pole, since this procedure did not require that the person who was checking the grade to go into the ditch. The inspector, however, ordered the deceased to check the depth of the sand with a short stick which required deceased to go down into the ditch. The deceased willingly followed this order as he had followed other orders of the inspector. He watched deceased use the stick. Although the shoring had been removed from the ditch, the ditch looked "real hard . . . solid . . . safe, solid." The inspector indicated that the soil was "deceptive" in appearance, inasmuch as it looked solid or sturdy, but "actually it was very dangerous." From the time the inspector handed the stick to deceased, only one to one-and-a-half minutes "at the very most" passed until the fatal cave-in. The evidence in the record is factually sufficient to support the jury's finding of "no negligence" on the part of deceased, and fails to show deceased to be negligent as a matter of law. These points are overruled.

The judgment of the trial court is affirmed.

AFFIRMED.