**COMPUGRAPHIC CORPORATION, Petitioner,**

. v.

**Margie F. MORGAN, Respondent.**

**No. 05–82–00302–CV.**

Court of Appeals of Texas, Dallas.

May 26, 1983.

Dissenting Opinion May 31, 1983.

Rehearing Denied Aug. 9, 1983.

William B. Finkelstein, Hughes & Hill, Dallas, for appellant.

Bertran T. Bader, III, Cox & Bader, Dallas, for appellee.

Before CARVER, ALLEN and ROWE, JJ.

ROWE, Justice.

This is a personal injury case in which Compugraphic Corporation failed to timely answer an action brought by Margie F. Morgan against it and another defendant, Solutek Corporation. Based solely on testimony from Morgan as to her damages, the trial court rendered judgment against Compugraphic for $200,000.00. Further, since Solutek *had* timely answered, the trial court severed Morgan's action against Solutek from her action against Compugraphic. By petition for writ of error Compugraphic timely removed the judgment against it to this court for revision and correction. For reasons below stated, we hold that there was no evidence to support the damage award in favor of Morgan, but in the interest of justice, rather than render a take nothing judgment, we reverse and remand Morgan's claim against Compugraphic for trial on the merits as part of her original proceeding against Compugraphic and Solutek.

■ A petition for writ of error under Tex.R.Civ.P. 359–363 which removes a judgment from the trial court to a court of appeals for correction is but another mode of appeal and affords the same scope of review as does a direct appeal under Tex.R. Civ.P. 354–356. *Smith v. Smith,* 544 S.W.2d 121, 122 (Tex.1976); *Gunn v. Cavanaugh,* 391 S.W.2d 723, 724 (Tex.1965). However, the invalidity of the judgment must be disclosed by the record in the cause. *Stiver v. Texas Instruments, Inc.,* 615 S.W.2d 839,

841 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.).

■ The record before us includes a statement of facts prepared pursuant to Tex.R.Civ.P. 377.[1] Morgan would have us disregard this part of the record because of certain pronouncements by the Supreme Court of Texas that the errors reviewable on writ of error must be errors "apparent from the face of the record," *McKanna v. Edgar,* 388 S.W.2d 927, 928 (Tex.1965) or "errors disclosed by the papers on file in the case," *McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706, 711 (1961) and because of certain related judicial pronouncements[2] that such references do not pertain to statements of facts. We do not agree with Morgan's contention. We are persuaded that the only reasonable interpretation of *Smith* requires us to test the validity of the default judgment in question by reference to all papers on file in the case *including the statement of facts. Roe v. Doe,* 607 S.W.2d 602 (Tex.Civ.App.—Eastland 1980, no writ). Also, subsequent to rendition of *Smith,* courts of appeal, without comment, have considered the statement of facts in their review of writ of error cases. *Garcia v. Garcia,* 618 S.W.2d 117, 118 (Tex.Civ.App. —Corpus Christi 1981, writ dism'd); *Harrison v. Dallas Court Reporting College, Inc.,* 589 S.W.2d 813, 816–17 (Tex.Civ.App.—Dallas 1979, no writ).

■ Compugraphic contends that the statement of facts fails to show that any of Morgan's damages resulted from its conduct or fault. This is so, it urges, because there is no competent evidence causally connecting its product with Morgan's illness. Allegedly, the onset of injuries occurred shortly after Morgan returned to her job after a vacation and started working in the vicinity of a typesetting machine manufactured and recently installed by Compugraphic, from which scarcely noticeable but

---

1. The preamble to the order of the Supreme Court of Texas relating to subdivision (g) of Rule 377 provides that "the statement of facts in a case upon appeal *or writ of error* from the trial court to the appellate court shall be prepared as follows:" [emphasis added]

2. *Parnass v. L. & L. Realty Corp.,* 482 S.W.2d 944 (Tex.Civ.App.—Dallas 1972), *rev'd on other grounds* 500 S.W.2d 94 (Tex.1973); *Vaughan v. Renshaw,* 411 S.W.2d 57 (Tex.Civ.App.— Waco 1967, writ dism'd).

nonetheless noxious fumes were escaping. Within a brief period of time thereafter, Morgan experienced many painful symptoms in or on her nostrils, throat, eyes, ears, skin, circulatory system, digestive system and nervous system. We have carefully reviewed all the evidence elicited from Morgan at the hearing on damages and conclude that while she was qualified to testify concerning the state of her health, she was not qualified to determine and to give competent evidence concerning the causes of her physical and mental complaints. The effect of escaping noxious fumes on the body of a person exposed to them is a subject solely within the field of medical expertise. On the subject of causation of injury in this record, probative expert testimony was required from a qualified medical witness; causation could not be proved by a lay witness such as Morgan. *Tyler Mirror & Glass Co. v. Simpkins,* 407 S.W.2d 807, 813 (Tex.Civ.App.—Tyler 1966, writ ref'd n.r.e.); *Gerland's Food Fair, Inc. v. Hare,* 611 S.W.2d 113, 119 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *see generally* C. McCORMICK & R. RAY, TEXAS LAW OF EVIDENCE, CIVIL AND CRIMINAL § 1427, 63 n. (Texas Practice 3d ed. 1980). Thus, if the default judgment, in order to be valid, requires supporting evidence that injuries suffered by Morgan were causally connected to Compugraphic's conduct or fault, then the judgment below must be set aside because that type of evidentiary support is totally lacking.

Morgan argues that by failing to timely answer, Compugraphic admitted every element of the cause of action against it except the amount of damages, such admission including the elements of duty, breach of duty, causation and even of nominal damages. Morgan claims she is thereby totally excused from having to prove that her damages were causally connected to Compugraphic's conduct or fault. We cannot agree. Many Texas cases and treatises, in their discussion of tort law, have expressed the general rule to be that a tortfeasor is liable only for those injuries which are the natural and probable consequences

of the wrongful act. *Commonwealth of Massachusetts v. Davis,* 140 Tex. 398, 168 S.W.2d 216, 222 (1942), *cert. denied,* 320 U.S. 210, 63 S.Ct. 1447, 87 L.Ed. 1848 (1943); *Rains v. Heldenfels Bros.,* 443 S.W.2d 280, 295 (Tex.Civ.App.—Corpus Christi 1969, writ ref'd n.r.e.); *Blassingame v. Lone Star Gas Company,* 236 S.W.2d 526, 531 (Tex.Civ.App.—Dallas 1950, no writ); 25 C.J.S. *Damages* § 25 (1966); 22 AM JUR.2d *Damages* § 81 (1965). Indeed the limit of liability for which a tortfeasor is responsible is said to extend to "all damages proximately traceable to the primary" wrongful act. *City of Port Arthur v. Wallace,* 141 Tex. 201, 171 S.W.2d 480, 483 (1943). These authorities imply that damages not proximately traceable to the wrongful act are not recoverable.

■ While we acknowledge the general rule to be that all allegations of a pleading not traversed by an answer are to be taken as admitted, the rule is qualified in the event, as here, the damages are unliquidated; in that event "there exists a necessity that they be proved." *Justice Life Insurance Co. v. Walker,* 508 S.W.2d 434, 437 (Tex.Civ.App.—Fort Worth 1974, writ ref'd n.r.e.). The court "shall hear evidence as to damages." Tex.R.Civ.P. 243. Further, the rule is that if a defaulting party *does* appear before damages are assessed, proof may be offered which effectively defeats the action by showing that, except for a nominal amount, plaintiff's damages were not caused by the matters alleged. *Maywald Trailer Co. v. Perry,* 238 S.W.2d 826 (Tex.Civ.App.—Galveston 1951, writ ref'd n.r.e.). Again, these authorities imply that it is *legally recoverable damages* which must be established by competent evidence at the assessment hearing.

■ Although Compugraphic cites no authority expressly so holding (and our own research has located none), we believe the rule to be, and we now hold, that at damage assessment hearings in default cases pursuant to Rule 243, the complaining party is obliged to come forward with sufficient competent evidence to establish not only the amount of the alleged damages but also

that such damages were the proximate result of the alleged wrongful acts of the defaulting party. If not already fully supported by case law, this rule is clearly justifiable on equitable grounds to forestall completely fortuitous awards by confining recovery within legally recognized limits.[3] Also, this rule seems to comport with the position taken in RESTATEMENT (Second) OF TORTS § 454 (1965), which recognizes a distinction between the *existence* of legal cause and the *extent* of legal cause. Compugraphic's first and second points of error are sustained.

■ Having determined that the default judgment must be set aside as being without support in the evidence, we next consider what is the most appropriate appellate remedy. This brings us to the third point of error, assigned by Compugraphic, namely that the trial court improperly severed the cause between it and Solutek, because the injury pleaded by Morgan against both was "indivisible." Morgan's petition, insofar as it alleges one injury from the same set of circumstances and seeks but one satisfaction, although against two corporations, does state an indivisible cause of action. Under Morgan's pleadings it would be impossible to separate the damages she suffered so as to allocate part to any one defendant, thus making each defendant liable for the total damages. *Landers v. East Texas Salt Water Disposal Company*, 151 Tex. 251, 248 S.W.2d 731, 734 (1952). This type of cause of action should not be severed, and it was improper for the trial court to so order. *Edwards v. Shell Oil Company*, 611 S.W.2d 904 (Tex.Civ.App.—Eastland 1981, writ ref'd n.r.e.); *Duke v. Merkin,* 599 S.W.2d 877 (Tex.Civ.App.—El Paso 1980, no writ); *see also* 3 R. McDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 10.25 (1970). Compugraphic's third point of error is sustained. We note that this error of the trial court does not mean we are without jurisdiction as to the improperly severed portion now on appeal. *Schieffer v. Patterson,* 433 S.W.2d 418 (Tex.1968); *Pierce v. Reynolds,* 160 Tex. 198, 329 S.W.2d 76 (1959); *Rutherford v. Whataburger, Inc.,* 601 S.W.2d 441 (Tex. Civ.App.—Dallas 1980, writ ref'd n.r.e.).

■ Having held there was no competent evidence to support the damage award and that the default judgment must be set aside, we should ordinarily follow the general rule and reverse and render the judgment of the trial court. However, even where a no evidence point is sustained, we have the prerogative and authority to reverse and remand the cause if we believe the case has not been fully developed and the ends of justice would be better served by reversing and remanding the cause for a new trial. *Morrow v. Shotwell,* 477 S.W.2d 538 (Tex.1972); *U.S. Fire Insurance Co. v. Carter,* 473 S.W.2d 2 (Tex.1971); *Groves v. Hanks,* 546 S.W.2d 638, 649 (Tex.Civ.App.— Corpus Christi 1976, writ ref'd n.r.e.); *Engineered Plastics Inc. v. Woolbright,* 533 S.W.2d 906, 909 (Tex.Civ.App.—Tyler 1976, no writ); *Blume v. Weaver,* 412 S.W.2d 760, 764 (Tex.Civ.App.—Eastland 1967, no writ). Because it appears that Morgan may have failed to produce a medical expert on the issue of causation of damages in good faith reliance on the absence of direct authority requiring such proof, and that in all likelihood expert medical testimony is available on the issue, we deem this to be an appropriate situation for exercise of our prerogative. Accordingly, we reverse and remand for trial on the merits in accordance with this opinion.

CARVER, Justice, dissenting.

I am in agreement with the opinion of the majority that the judgment in favor of Margie F. Morgan was erroneous and that reversal is required; however, I disagree as to remand being the appropriate remedy.

I would hold that since Morgan had every opportunity to offer admissible evidence to support her cause of action, and the lawful measure of damages therefor, and had failed in her proof, despite the absence of

---

**3.** "The mere fact that a defendant is defaulted does not give to the plaintiff a right or claim to the assessment of damages unrelated to liability." *Elfman v. Evanston Bus Co.,* 27 Ill.2d 609, 190 N.E.2d 348, 351 (1963).

her adversary, she is not entitled to another "bite at the apple" through remand. *Jackson v. Ewton,* 411 S.W.2d 715, 719 (Tex. 1967).

We have sustained Compugraphic's "no evidence" point and, in such circumstances, it is our *duty* to render judgment for Compugraphic. *National Life & Accident Ins. Co. v. Blagg,* 438 S.W.2d 905, 909 (Tex. 1969). The "interest of justice" reason cited by the majority for its order of remand is not applicable when Morgan "was provided an ample opportunity on the trial of the case to produce evidence on this point which was crucial to her right to recovery." *Blagg,* 438 S.W.2d at 911.

Rendition of judgment here for Compugraphic would make it unnecessary to disturb the trial court's order of severance as to Morgan's claim against Solutek Corporation and I would so hold.