**COMPUGRAPHIC CORPORATION, Appellant,**

v.

**Margie F. MORGAN, Appellee.**

**No. 05–82–00302–CV.**

Court of Appeals of Texas, Dallas.

Nov. 9, 1984.

Rehearing Denied Dec. 7, 1984.

William B. Finkelstein, Paul M. Koning, Hughes & Hill, Dallas, for appellant.

Bertran T. Bader, III, Cox & Bader, Dallas, for appellee.

Before CARVER, ALLEN, and ROWE, JJ.

ROWE, Justice.

*Opinion On Remand*

Finding in the record *some* probative evidence to support the trial court's award of damages, the supreme court has reversed our judgment which held to the contrary on Compugraphic's no evidence point and has remanded this cause to our court for consideration of an alternative point of error by Compugraphic asserting the factual insufficiency of the evidence. See Tex., 675 S.W.2d 729 reversing, Tex.App., 656 S.W.2d 530. As mandated, we have again reviewed the statement of facts covering the hearing on damages and have concluded that the $200,000 award made by the trial judge is manifestly unjust because the evidence is too weak and insufficient to support it. We now sustain, therefore, Compugraphic's alternative point of error and remand the cause to the trial court for a new trial between Morgan and Compugraphic, limited albeit to the issue of Morgan's damages only, in conformity with the supreme court's opinion concerning that issue.

The supreme court's opinion elaborates on the character of the evidence found to have enough probative weight to raise a fact issue on damages. This evidence concerns those symptoms which the otherwise healthy Morgan testified she experienced within a few days after returning from vacation to her job and working close to a newly installed typesetting machine. These initial symptoms included only watering of the eyes, blurred vision, headaches, and swelling of the breathing passages. Because of these early-noticed symptoms, Morgan did take off from work for several weeks. Although she testified she usually worked 38¾ hours per week and received a salary averaging $227.70 per week, Morgan did not testify to any actual loss of pay during this short period. Also, her testimony on long-term lost wages as well as other alleged long-term damages was related not to symptoms initially suffered but to additional symptoms reportedly diagnosed later by medical experts as being changes in Morgan's immune system, the gradual onset of cataracts in both eyes, and a persistent and violent allergenic reaction involving most of the body. The line dividing these two separate categories of symptoms is, however, so imprecisely fixed in the record that we cannot in fairness quantify what amount of damages attributable to particular symptoms is supported by the record and what amounts are not. Accordingly, rather than order a remittitur, we set aside the entire award made by the trial court and, on terms above stated, remand for trial the determination of the amount of all recoverable damages which Morgan has asserted against Compugraphic.