**GULF COAST INVESTMENT CORPORATION, Petitioner,**

v.

**David ROTHMAN, d/b/a Double R. Construction Company, Respondent.**

**No. B–4171.**

Supreme Court of Texas.

Feb. 6, 1974.

Rehearing Denied March 27, 1974.

Urban, Coolidge, Pennington & Scott, T. J. Sims and Bryan W. Scott, Houston, for petitioner.

Richie & Greenberg, Sheldon E. Richie, Houston, for respondent.

POPE, Justice.

David Rothman, doing business as Double R Construction Company, sued Gulf Coast Investment Corporation for breach of a written contract and for the recovery of damages. The trial court rendered judgment on the jury verdict that the plaintiff take nothing. The basis for the judgment was that plaintiff failed to prove or obtain a jury finding that he suffered damages. The court of civil appeals reversed the judgment of the trial court and remanded the cause for retrial in the interest of justice. 497 S.W.2d 792. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

Rothman was engaged in the business of making home improvements during 1955. He and Gulf Coast entered into a written agreement under which Gulf Coast agreed to buy at face value the installment promissory notes which Rothman acquired in his business. Gulf Coast was authorized by its contract with Rothman to withhold five percent from the payments that it received on the promissory notes and to deposit those funds in a reserve account in the name of Rothman. Gulf Coast obligated itself to furnish to Rothman reports of any installments on any of the notes that were delinquent for thirty days, and to send a second notice to Rothman immediately after a note became ninety days delinquent. If the delinquency was not cured in ten days after Rothman's receipt of the second notice, Rothman had the option of paying off the entire loan which was delinquent, but if he failed to pay off the entire loan, Gulf Coast was authorized by the contract to collect the entire unpaid balance of the delinquent note from the reserve account. After all outstanding loans were paid, Gulf Coast agreed to turn over to Rothman the balance which remained in the reserve fund.

Rothman says that Gulf Coast breached the contract by failing to send any delinquency notices during the period of eight years after the date of the contract. At trial, plaintiff proved that a total of $59,745.77 was paid into the reserve account, and it was his contention that he was damaged in that amount of money. The jury found (1) that Gulf Coast did not furnish Rothman a notice on each loan that was delinquent for thirty days, (2) that Gulf Coast did not furnish notice of each account that was delinquent for ninety days, and refused to find (3) that Rothman waived the right to receive the notices required by the contract. Rothman requested no issue and the trial court did not submit an issue which inquired about Rothman's damages. The trial court judgment recites that Rothman did not establish his damages and then orders that he take nothing.

The court of civil appeals ruled that Rothman's proof that Gulf Coast breached its contract to give notice of delinquent accounts entitled Rothman at least to nominal damages. As we view the record, however, the trial court correctly ruled that Rothman take nothing. Rothman stipulated in the course of the trial that the total amount which Gulf Coast withheld from the note payments and deposited to the reserve account was $59,745.00. He proved nothing further concerning damages. He treats the amount withheld as a liquidated damage figure which measured his damages. The contract did not so treat the reserve fund. In fact, the contract empowered Gulf Coast, after notice, to charge against the reserve fund and to withdraw from it the unpaid balance of any delinquent notes. Rothman's damages were not correctly measured by the sums deposited in the accounts but by the amounts, if any, he could have reduced those authorized charges if he had received timely notices of delinquencies. He made no effort to prove that fact.

Rothman relies upon cases which state that an exact amount of damages is not required to satisfy the settled rule of reasonable certainty in the proof of damages. This rule falls short of the problem in this case. In Hindman v. Texas Lime Company, 157 Tex. 592, 305 S.W.2d 947 (1957), this court quoted and followed the rule expressed in Shannon v. Shaffer Oil & Refining Co., 51 F.2d 878, 882 (10th Cir. 1931):

> The rule is that, if an injured plaintiff has produced the best evidence available, and if it is sufficient to afford a reasonable basis for estimating his loss, he is not to be denied a substantial recovery because the exact amount of the damage is incapable of ascertainment.

In *Hindman*, we went on to hold that the application of that rule did not mean that a guess or surmise on the part of the jury would suffice. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059 (1898). See also, International Harvester Company v. Kesey, 507 S.W.2d 195 (Tex.1974); American Const. Co. v. Caswell, 141 S.W. 1013 (Tex.Civ. App.1911, writ ref'd); American Const. Co. v. Davis, 141 S.W. 1019 (Tex.Civ. App.1911, writ ref'd). While mathematical precision is not required to establish the extent or amount of one's damages, one must bring forward the best evidence of the damage of which the situation admits, and there must be some basis for reasonable inferences. C. McCormick, Law of Damages §§ 26, 27 (1935).

The court of civil appeals correctly ruled that Rothman proved nothing more than the gross amount deposited into the reserve account, but its holding that the trial court should have awarded nominal damages is in error, since Gulf Coast produced evidence which negated even nominal damages. Gulf Coast proved that it first exhausted the reserve account by charges for notes which were in default as authorized by the contract. It supported that proof by its ledger sheets for the accounts it had purchased from Rothman. Gulf Coast made the additional proof that it pursued collection efforts on the delinquent notes by instituting foreclosure proceedings and the liquidation of the security for the notes. It redeposited into the reserve account all funds which were thus recovered. Notwithstanding the exhaustion of the reserve fund and the resort to the security, Gulf Coast charged off an additional $10,572.92, which Gulf Coast absorbed as a loss without recourse upon Rothman.

The trial court correctly ruled that Rothman did not prove that he sustained any damages. Since the trial court rendered an errorless judgment, there is no basis for a reversal; without a reversal there can be no remand. City of Houston v. Blackbird, 394 S.W.2d 159 (Tex.1965); Davis v. Davis, 141 Tex. 613, 175 S.W.2d 226 (1943); Texas Employers Ins. Ass'n v. Brandon, 126 Tex. 636, 89 S.W.2d 982 (1936).

The judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.