Stephen Peter GIANELLE, Appellant,

v.

Harvey L. MORGAN and J. C. Edwards,
Appellees.

No. 8242.

Court of Civil Appeals of Texas,
Texarkana.

Sept. 24, 1974.

John M. Gillis, Purnell, Gillis & Rogers,
Dallas, for appellant.

R. L. Stanfield, Dallas, for appellees.

CORNELIUS, Justice.

This Writ of Error seeks review of a
default judgment entered in favor of ap-
pellees against appellant for damages re-
sulting from an automobile collision which
occurred in Dallas County, Texas.

Appellees were plaintiffs, and in their
original petition they alleged that appellant
lived at " . . . 320 Ridgehaven Place,
Richardson, Texas, . . . " where he
could be served with citation. Personal ci-
tation was issued on April 26, 1973, to

"Stephen Peter Gianelle". The return was executed on May 25, 1973, by the Sheriff of Travis County, Texas, stating that the citation had been served by " . . . delivering to the within named Stephen Peter Gianelle by *delivering to Charles E. Simons, Chairman Texas Highway Commission, as agent for service . . .*". Although service on the Chairman of the Highway Commission is permitted as to certain nonresidents, the record contains no amended or supplemental pleading on behalf of appellees, or any other allegation or indication that appellant was a nonresident of the state either at the time the collision occurred or at any time thereafter. Indeed, there is no suggestion that he ever resided anywhere other than in Richardson, Texas, at the address shown in the original petition. The appellant did not appear or file an answer, and default judgment was taken on July 26, 1973.

Appellant contends that the judgment cannot stand, because the record fails to show the existence of any condition permitting service upon him through the Chairman of the Highway Commission under the provisions of Article 2039a Vernon's Anno.Tex.Civ.Stat.

■ As appellant's mode of review by writ of error constitutes a direct attack upon the default judgment, the question to be decided is whether there is a lack of jurisdiction apparent on the face of the record which would vitiate the trial court's judgment. McKanna v. Edgar, 388 S.W.2d 927 (Tex.Sup.1965); Flynt v. City of Kingsville, 125 Tex. 510, 82 S.W.2d 934 (1935).

Article 2039a Vernon's Anno.Tex.Stat. reads in part as follows:

"The acceptance by a nonresident of this State or by a person who was a resident of this State at the time of the accrual of a cause of action but who subsequently removes therefrom . . . of operating a motor vehicle . . . within the State of Texas shall be deemed equivalent to an appointment by such nonresident . . . of the Chairman of The State Highway Commission of this State . ` . . to be his true and lawful attorney and agent upon whom may be served all lawful process in any civil action or proceeding . . . against said nonresident . . . "

■ As appellees' pleadings fail to even allege the existence of the conditions necessary to make Article 2039a applicable, there is a complete failure to show the jurisdictional prerequisites. While ordinarily presumptions will be made in support of a judgment, including a presumption of due service of citation when the judgment so recites, no such presumption will be made in a case of this type, but the jurisdiction must affirmatively appear on the face of the record. McKanna v. Edgar, supra. It is imperative that the record show a strict compliance with the prescribed mode of service. McKanna v. Edgar, supra; Roberts v. Stockslager, 4 Tex. 307 (Tex.Sup. 1849); Texaco Inc. v. McEwen, 356 S.W. 2d 809 (Tex.Civ.App. Dallas 1962, writ ref'd n. r. e.); Parker v. Scobee, 36 S.W. 2d 303 (Tex.Civ.App. Waco 1931, no writ). Accordingly, the judgment must be reversed.

■ The appellant, having now appeared to attack the judgment, is presumed to have entered his appearance at the term of court at which the mandate shall be filed. Vernon's Anno.Texas Rules of Civil Procedure, rule 123. McKanna v. Edgar, supra. The judgment of the trial court is reversed and the cause is remanded for a new trial.