**Carmel BEHAR, Appellant,**

v.

**Lewayne PATRICK, et al., Appellees.**

**No. 07–83–0120–CV.**

Court of Appeals of Texas,
Amarillo.

Oct. 15, 1984.

J. David Nelson, Nelson & Nelson, Lubbock, for appellant.

J.R. Hollingsworth, Holland & Hollingsworth, Amarillo, for appellees.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

In this writ of error proceeding, appellant Carmel Behar attacks a default judgment entered in favor of appellees Lewayne Patrick, et al. The judgment is for damages resulting from an automobile collision which occurred in Randall County. We reverse the judgment of the trial court and remand for new trial.

The automobile collision out of which this proceeding arises occurred on or about July 7, 1982, in Amarillo. Appellant drove one of the automobiles and the other was driven by appellee Lewayne Patrick. Lewayne's wife Malinda and his minor son Jason were passengers in the automobile driven by him. Appellees filed suit against appellant on August 6, 1982. In the plaintiff's original petition, appellant's place of residence was alleged as 108–10 65th Avenue East 6F, Forest Hills, New York, Queens, 11375. The record does not show the source of this address.

Nonresident citation directed to appellant at the above address was mailed by the District Clerk in an envelope addressed to "Sheriff of Quens [*sic*] County, Quens [*sic*] County Courthouse, Queens, New York, 11375." On the envelope, near the address, appears a stamp, apparently

placed thereon by the post office, which states "returned to sender, no such number." There is also a second envelope, addressed directly to appellant at the address as alleged by appellees. This envelope was marked certified mail, "return receipt requested, addressee only." It contains a postage meter stamp which shows it was mailed on August 12, 1982, but it was later returned marked "unclaimed."

Appellees then filed their first amended petition in which they asked for substitute service upon the Chairman of the State Highway Commission, as authorized by Tex.Rev.Civ.Stat.Ann. art. 2039a (Vernon 1964). Service was made upon this Chairman on September 20, 1982. On November 3, 1982, after a brief bench trial, default judgment in the amount of $35,904.48 was rendered in favor of appellees Lewayne and Malinda. The testimony of Lewayne and Malinda was the only testimony produced at the trial.

In this proceeding, appellant raises three points of asserted error. In the first point, he asserts the trial court never obtained jurisdiction over him because he was never properly served with citation. In the second point, he argues the trial court erred in "failing to allow and provide in its judgment for the minor plaintiff and his claims for damages." In the third point, he asserts that no legally or factually sufficient evidence supports the recovery by appellees.

■ Because it is dispositive of the appeal, we will first consider appellant's third point. It is axiomatic that, in deciding a claim of legal insufficiency of the evidence, this Court must consider only the evidence and the inferences tending to support the finding and disregard all evidence and inferences to the contrary. An allegation of factual insufficiency requires this Court to consider all of the evidence in order to determine if the evidence supporting the finding is so weak or the evidence to the contrary so overwhelming that the finding should be set aside and a new trial ordered. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965). *See* Calvert, "No Evidence" and

"Insufficient Evidence" Points of Error, 38 Texas L.Rev. 361 (1960).

Appellees point out that in this type of proceeding, the question to be decided is whether there is an error apparent on the face of the record which would vitiate the trial court's judgment. *See McKanna v. Edgar*, 388 S.W.2d 927, 928 (Tex.1965); *Gianelle v. Morgan*, 514 S.W.2d 133, 134 (Tex.Civ.App.—Texarkana 1974, no writ). They say that "the record" in this sense does not include the statement of facts and that disposition of this point would, of necessity, entail a review of the statement of facts. This, they argue, cannot be done in a proceeding such as this. We disagree.

■ A petition for writ of error is a direct attack on the judgment and prevents this Court from indulging presumptions in support of the judgment. *McKanna v. Edgar*, 388 S.W.2d at 928–29. Such a proceeding is but another method of appeal. *Smith v. Smith*, 544 S.W.2d 121, 122 (Tex. 1976). It brings the entire case before the appellate court for review of all rulings of the trial court properly assigned as error. *Ward v. Scarborough*, 236 S.W. 441, 444 (Tex.Comm'n App.1922, judgmt adopted); *Spears v. Brown*, 567 S.W.2d 544, 545 (Tex. Civ.App.1978, writ ref'd n.r.e.); *Middlemas v. Wright*, 493 S.W.2d 282, 284 (Tex.Civ. App.—El Paso 1973, no writ). Therefore, in this type of proceeding review is not limited to a search for fundamental error but an appellant is entitled to the same scope of review as on appeal. *Gunn v. Cavanaugh*, 391 S.W.2d 723, 724 (Tex. 1965); *Wall v. Wall*, 630 S.W.2d 493, 495 (Tex.Civ.App.—Fort Worth 1982, writ ref'd n.r.e.). Indeed, our Supreme Court has specifically held in a writ of error proceeding such as this that if a litigant cannot procure a statement of facts after exercise of due diligence, his right to have the case reviewed will be preserved by a reversal and remand for new trial. *Rogers v. Rogers*, 561 S.W.2d 172, 173–74 (Tex.1978); *Smith v. Smith*, 544 S.W.2d at 123.

■ The teaching of these cases is that in a writ of error proceeding where a spe-

cific attack is made upon the legal or factual sufficiency of the evidence to support the trial court's determination of damages in a default judgment, the appellant is entitled to a review of the evidence produced, which inevitably requires an examination of the statement of facts. *See Tankard-Smith, Inc. Gen. Contrac. v. Thursby,* 663 S.W.2d 473, 477 (Tex.App.—Houston [14th Dist.] 1983, writ dism'd); *Roe v. Doe,* 607 S.W.2d 602, 603 (Tex.Civ.App.—Eastland 1980, no writ); *Looney v. Kribbs,* 588 S.W.2d 678, 680 (Tex.Civ.App.—Tyler 1979, no writ); *Bavarian Autohaus, Inc. v. Holland,* 570 S.W.2d 110, 114 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ).

In support of their proposition that the statement of facts cannot be reviewed by us, appellants cite the holdings of the courts in *Vaughan v. Renshaw,* 411 S.W.2d 57 (Tex.Civ.App.—Waco 1967, writ dism'd) and *Gourmet, Inc. v. Hurley,* 552 S.W.2d 509 (Tex.Civ.App.—Dallas 1977, no writ). We think these cases are distinguishable.

In *Vaughn* the question presented to the court was whether a minor defendant without a guardian, and for whom no guardian ad litem was appointed, was entitled to reversal of a judgment against her. In considering that question, the court was confronted with the general rule that when it appears "upon the face of the record" that judgment against a minor has been rendered without the appointment of a guardian, reversible error exists. *Vaughn v. Renshaw,* 411 S.W.2d at 58. That question was not raised prior to trial by verified plea as required by Tex.R.Civ.P. 93. That rule required the presentation of such a verified plea "unless the truth of such matters appear of record." Although no such plea was filed, the minor testified upon trial that she was underage.

In holding that by failing to file the plea of minority, the minor waived her right to complain, the court held that the term "of record" as used in the rule did not include the statement of facts, the only source of ascertaining the minority of the defendant. In support of that holding the court cited such cases as *Lewis v. Lewis,* 125 S.W.2d 375 (Tex.Civ.App.—Fort Worth 1939, writ ref'd), and *Hamm v. Hamm,* 159 S.W.2d 183 (Tex.Civ.App.—Fort Worth 1942, no writ) which enunciate that rule in the context of a search for *fundamental error.*

In *Gourmet, Inc.* the court was presented with a question as to the sufficiency of substituted service of a foreign corporation under Tex.Rev.Civ.Stat.Ann. art. 2031(b) (Vernon 1964). The holding was that the service was ineffective because the only petition actually served did not allege the facts which authorized service upon the Secretary of State under that article. That decision was made even though an amended petition was filed prior to the taking of the default judgment and sufficient evidence was taken at the default judgment hearing to establish the necessary jurisdictional facts. En route to that decision, the court had to consider the statement of the Supreme Court in *McKanna v. Edgar,* 388 S.W.2d at 930, that jurisdiction must affirmatively appear on "the face of the record." The decision as to whether the served pleading was sufficient to give a defendant fair notice of the jurisdictional facts upon which the plaintiff would rely was one which of necessity must have been made from the pleading itself. Therefore, the court correctly held in the context of the problem presented that the "face of the record" would include only papers shown in the transcript not including the statement of facts.

The holdings in both of these cases must be considered in the light of the questions therein presented and cannot be considered as authority for the proposition that, in a direct attack upon a judgment, such as a writ of error proceeding, the statement of facts cannot be considered in disposing of an insufficiency of the evidence point properly presented. We therefore proceed to review the testimony produced at trial.

Lewayne Patrick testified that at the time of the collision, he was driving the automobile occupied by himself, his wife and their young son. Malinda was injured and was taken to the hospital; Jason suffered a "slight" injury. Malinda and Jason

were treated by Dr. Henry Norrid. They made subsequent visits to the physician's office and had to return to the hospital to "have more x-rays of both of them." Lewayne purchased medications necessary for Malinda and Jason as a result of the accident. He incurred $1,248.40 in medical bills for their treatment. The automobile involved was sold for $3,700.00 when the NADA Official Car Guide value for a similar car was $6,675.00. He purchased a replacement automobile for $11,015.00.

Prior to the accident, Malinda and Jason were both in good health. Immediately following the accident and for several weeks thereafter "my wife was in considerable pain; in fact she wasn't even able to go to work." His son complained of back and neck injuries and "after several visits to the doctor, to the hospital after treatment, he seemed to become better faster than my wife did." His wife had an extreme whiplash and back injury. However, when queried as to whether his wife had continuing or remaining pain or suffering, he replied:

> Again, I will refer back to the doctor's report, and from talking to my wife, I don't believe there would be any more continuing problems resulting from the accident.

Malinda Patrick testified that her injury "was in [the] back of my neck up here and all the way down my lower back." She wore a neck brace for about two weeks after the injuries. She missed an unspecified period of time from work and suffered a loss of wages. She "wouldn't have any idea" of the amount of lost wages but it would be "several hundred" dollars. When she was asked whether she had made a full recovery, she replied:

> The doctor says that I shouldn't have any more trouble. Once in awhile my back still hurts, depends on what I do. But he says there is nothing that can be done about it.

Malinda testified that she thought her son Jason had made a complete recovery.

■ Our review of appellees' evidence reveals there is some evidence of probative force indicating damage suffered by them. We, therefore, overrule that portion of appellant's attack asserting a legal insufficiency of the evidence to support the judgment. We next consider appellant's factual insufficiency attack.

Examination of the pleadings reveals appellees sought recovery for Malinda's past and future physical pain and mental anguish, for loss of earnings and a loss of her earning capacity, for past and future personal injuries, and for her future medical expenses. Lewayne sought recovery for the cost of replacement for past household duties which Malinda was unable to perform and for expenses to him for replacement of future household duties Malinda would be unable to perform. Recovery was also sought by both Patricks for damages to their automobile, asserted to be in an amount of $1,500.00. The failure of the judgment to make any award to Jason pretermits the necessity for discussion of damages sought by him.

■ Each personal injury action must be judged on its particular facts and damages proved with that degree of certainty of which the case is susceptible. *McIver v. Gloria*, 140 Tex. 566, 169 S.W.2d 710, 712 (1943). The applicable rule is that if an injured plaintiff has produced the best evidence available, and if it is sufficient to afford a reasonable basis for estimating that plaintiff's loss, he or she is not to be denied a substantial recovery because the exact amount of the damage is incapable of ascertainment. *Gulf Coast Inv. Corp. v. Rothman*, 506 S.W.2d 856, 858 (Tex.1974). However, while mathematical precision is not required to establish the extent or amount of a plaintiff's damages, there must be some basis for reasonable inferences by the trier of fact since a mere guess or surmise on the part of that fact finder will not suffice. *Id.*

■ The evidence in this case is factually insufficient to support a recovery of $35,904.48. The testimony reflects that the difference in the market value of appellees' vehicle before and after the accident was

 

$2,975.00. "Medical expenses," which included $695.00 in doctor's bills, were shown to be $1,248.40 but were not broken down between Malinda and Jason. While Malinda testified about a loss of work time and wages, neither of these items was shown with specificity. The evidence as to pain and suffering reflects that Malinda sustained a whiplash injury, was in "considerable pain" immediately following and for "several" weeks after the accident, wore a neck brace for "about two weeks," and that "once in awhile" her back still hurt, again without any specificity as to times, duration and extent of these intervals. There is a complete paucity of evidence as to whether or not Malinda's back condition might reasonably be expected to cause any permanent pain or disability. Indeed, there are indications in the record that she was informed by the doctor that she "shouldn't have any more trouble." The number of and reason for the subsequent visits by Malinda to the physician's office and/or the hospital is not shown.

In summary, we conclude that the damages suffered in this accident were not shown with that degree of certainty of which the case was susceptible and the evidence is therefore factually insufficient to support the judgment. Appellant's point of error three is sustained.

While the question presented in appellant's first point is an intriguing one, the disposition which we make of his third point, and the remand which must necessarily follow, makes any discussion of the first point unnecessary. Appellant, having appeared to attack the judgment, is presumed to have entered his appearance at the term of court at which the mandate is filed. *McKanna v. Edgar*, 388 S.W.2d at 930; *Encore Builders v. Wells*, 636 S.W.2d 722, 723 (Tex.App.—Corpus Christi 1982, no writ); Tex.R.Civ.P. 123. Point of error two deals with an asserted defect in the instant judgment and we cannot assume the same question will arise upon retrial; therefore any discussion of that point is pretermitted.

The judgment of the trial court is reversed and the cause remanded for new trial.